JAMES CALLANAN, JR., *v.* JAMES EDWARDS, Receiver of National Bank of Albany, MOSES T. CLOUGH and MANU-FACTURERS' BANK OF TROY.

Where the holder and owner of a certificate of withdrawn stock issued by the National Bank of Albany, assigned the same in good faith to the Manufac-turers' Bank of Troy, the title thereto was vested absolutely in the assignee.

Any transaction had between the assignor of said certificate and the National Bank subsequent to said assignment, not made with specific reference to said certificate, would give to the National Bank no lien thereon, though it had had no notice of such transfer.

Subsequent to said assignment, and in ignorance thereof, the National Bank discounting a note for the assignor, in the belief that he was still the owner of such claim against the bank, thereby acquires no general or specific lien on said certificate, and no equity as against the real owner thereof.

WRIGHT, J.   This action is of a novel character.   The plaintiff is a judgment debtor of the National Bank of Albany, and the defendant, in interest, the Manufacturers' Bank of Troy.   The subject of controversy respects the dis-position to be made of the sum of $250, unpaid upon a cer-tificate issued by the National Bank in March, 1860, on the reduction of the defendant Clough's stock therein, by which the bank agreed to pay the latter $1,000 ; twenty-five per cent thereof on the 1st July, 1860, and the residue at such time or times as the directors of the bank should direct. The plaintiff's claim is, that in equity he is entitled to have the fund which is in the hands of the receiver of the National Bank, applied in part extinguishment of the judgment that that bank holds against him, and which is a lien on his real estate, whilst the Manufacturers' Bank of Troy claims the fund as assignee and owner of the certificate.   The receiver of the National Bank makes no claim, either upon the certificate or the balance unpaid upon it, and, although made a defendant, has not appeared in the action.

The facts on which the relief is sought by the plaintiff are these: In March, 1860, the defendant, Moses T. Clough, was the owner of the certificate of withdrawn stock before referred to.   On the 1st July, 1860, the bank paid him $250,

or twenty-five per cent upon such certificate. Fifty per cent was, by the directors of the bank, ordered to be paid on it on the 1st January, 1861. On the 14th September, 1860, Clough, for a good and valuable consideration, sold and assigned the certificate and the balance unpaid upon it ($750) to the Manufacturers' Bank of Troy. On the 6th October, 1860, Clough made his promissory note for $500, payable three months after date, to the order of one Kimball, who indorsed it; and one Gearon and the plaintiff were second and third indorsers. The plaintiff was an accommodation indorser, without any consideration . or security. Before indorsing the note, the plaintiff was informed by the cashier of the National Bank, on inquiry, that Clough was the owner of the certificate, and it so appeared from the books of the bank, and he indorsed the note on the faith and strength thereof. The National Bank discounted the note on the 8th October, 1860, in consequence of the supposition of the bank of Clough's ownership of the certificate, and on the credit thereof. On the 17th October, 1860, the bank paid Clough the second installment of $500 on the certificate, in advance of the time of payment, taking his receipt therefor ; and on the same day, Clough paid the same to the Manufacturers' Bank of Troy, but without the knowledge of the plaintiff or the National Bank. The note made by Clough, and indorsed by Kimball, Gearon and the plaintiff, was not paid at maturity, but was duly protested for non-payment, and on the 13th May, 1861, the bank recovered a judgment upon the same for $502.02 against Clough, Kimball, Gearon and the plaintiff. Execution was issued upon the judgment and returned unsatisfied as against all the defendants thereto, except the plaintiff. On the 24th May, 1861, the defendant Edwards was duly appointed receiver of the National Bank. On the 10th August, 1861, the Manufacturers' Bank notified the receiver that Clough had assigned the certificate to it on the 14th September, 1860, but neither the National Bank, or the receiver, or the plaintiff, had any knowledge of such assignment until this formal notice in August. The referee finds that if the Manufacturers' Bank had given notice of such assign-

ment, or informed the National Bank of it, before Clough's note was made or discounted, the plaintiff would not have indorsed the note, nor the National Bank have discounted it, and that the Manufacturers' Bank was negligent in not giving the notice. At the time of the recovery of the judgment on the note, Clough, Kimball and Gearon were, and still are insolvent and irresponsible. The plaintiff has paid $200 on the judgment, and it is now a lien upon his real estate. There is due and unpaid on the certificate $250, the last installment, which amount is in the hands of the receiver of the National Bank, and he is willing to apply it upon the judgment, and the plaintiff is ready and willing to pay the balance of the judgment that would then be unpaid. The Manufacturers' Bank, as the *bona fide* owner of the certificate, resists any such application, denying all equity or right of the plaintiff in the premises, and claiming that the receiver should be directed to pay to it, as such owner, the amount due thereon.

It will not be pretended that unless the National Bank, or the receiver who represents it, has some lien or claim on the certificate in question, or the unpaid balance of it, superior to that of the Manufacturers' Bank, the plaintiff has any standing whatever in court. The National Bank makes no claim, and if it did, I think it would be without any foundation in law or equity. Clough was the owner of the certificate on the 14th September, 1861. It was at that time a subsisting claim against the National Bank to the extent of $750, the bank having paid thereon $250. Neither the bank or any one else had any lien upon it. Clough was not a debtor to the bank, but, on the contrary, the bank was his debtor. On the day mentioned, Clough assigned the certificate to the Manufacturers' Bank. This transfer was in good faith, and for a valuable consideration, and vested the entire title thereto, both legal and equitable, in the assignee. No notice to the National Bank, of the assignment, was necessary to produce this effect. It had no specific lien on the certificate or the assigned claim. The Manufacturers' Bank, then, was the absolute owner of the certificate on the

8th October following, when the National Bank discounted Clough's note for $500, indorsed by the plaintiff and others. By discounting such note, the bank acquired no title to, or interest in, or lien upon, the certificate, as against the Manufac turers' Bank. Any right or interest in or lien thereon could only be acquired through Clough, their debtor, and against him, the title of the Manufacturers' Bank was perfect. When the note matured, the National Bank had no right of set off against the amount due on the certificate, though Clough was then insolvent. The assignment to the Manufacturers' Bank was made by Clough nearly a month before such note was made or discounted by the National Bank, and hence no right of set-off could exist in favor of the latter at the time of the assignment. Where the assignment is of a chose in action, the demand to be set off must have existed against the assignor at the time of the assignment; and section 112 of the Code gives no countenance to the idea that it was intended to allow a set-off when the demand existed in the defendants' favor at any time *before notice* of the assignment of a thing in action.

It is not denied that an assignee of a chose in action, not negotiable, takes the thing assigned subject to all the rights which the debtor had acquired in respect thereto prior to the assignment, or to the time notice was given of it when there is an interval between the execution of the transfer and the notice. If the National Bank had had any general or specific lien on the certificate in question at the time of its transfer to the Manufacturers' Bank, or made payments on it to the assignor, or made any arrangements with him in regard thereto *before notice*, and in ignorance of the assignment, it would have been protected against the assignee. But that was not the case. The bank had no dealing with Clough, the assignor, in regard to the assigned claim, intermediate the transfer and notice, so as to have affected any right of the assignor. The only dealing the National Bank ever had with the assignor Clough, in respect to it, subsequent to the assignment to the Manufacturers' Bank, was to pay him one installment on the debt, evidenced by the certificate, which was paid over by

Clough to the assignee and credited to the National Bank. It is said that the bank discounted Clough's note after the transfer to the Manufacturers' Bank and before notice to it of such transfer. What of that? This independent transaction between Clough and the bank was not a dealing in regard to the assigned claim, so as, in the absence of notice of the assignment, to give the bank any right in law or equity as against the assignee. It is found, as a fact, by the referee, that the bank would not have discounted Clough's note except upon the supposition that he owned the certificate, and that the discount was made on the credit thereof. This finding is in direct hostility to the action of the bank. Nine days after the discount they paid him $500 on the certificate, leaving but $250 of the debt due, which was but half the amount of the discount. But it was of no consequence what the bank supposed, in making the discount, as to the title or ownership of the certificate. Discounting Clough's note could give it no general or specific lien on it, or any equity as against the real owner of the claim.

The case seems to me a very plain one. The National Bank, by authority of the legislature, reduced its capital stock one-half. Clough was the owner of twenty shares of the par value of $2,000. In March, 1860, he surrendered his old scrip and took a new scrip for one-half thereof; and $1,000 being the par value of the other half, the bank placed that amount to his credit on its books, and issued to him the certificate in question therefor. In September, 1860, Clough transferred the certificate to the Manufacturers' Bank in good faith, and 'for a valuable consideration. At this time the National Bank had no lien of any kind upon it; and the purchaser acquired a perfect and absolute title. Intermediate the transfer and notice thereof to the debtor, there was no dealings in respect to it by which the debtor acquired any rights as against the assignor. Discounting a note for the assignor gave the debtor no legal or equitable claim upon the chose in action, or its proceeds, or any right to appropriate it to the payment of the loan. When, therefore, the National Bank, or its receiver, come to pay the debt, they are bound to make

payment to the party owning the certificate, viz., the Manufacturers' Bank.

The order of the Supreme Court granting a new trial must be affirmed, and judgment absolute rendered against the appellant.

Order affirmed, and judgment absolute against the appel lant.