## BLYDENBURGH *v.* THAYER.

### March, 1867.

A creditor made an accommodation note for the benefit of his debtor, and the debtor pledged it before maturity with a third person as security for a trifling loan. After maturity the pledgee recovered judgment upon it against the maker, by default. The debtor then induced the present defendant to reimburse the pledgee the amount of his loan and costs and interest, and to take an assignment of the whole judgment in part payment for property which the defendant thereupon transferred to the debtor.—*Held,* that since the plaintiff in the judgment was only a pledgee and had been repaid, and since the debtor himself could not enforce the judgment against the maker of the note, the present defendant as assignee stood in no better position, and could only enforce the judgment to the extent of the sum advanced to reimburse the pledgee.

The plaintiff was not estopped by his omission to set up his defense in the action on the note.

The assignee of a chose in action, not negotiable, takes subject to all existing equities.*

William J. Blydenburgh, executor of Richard F. Blydenburgh, brought this action in the supreme court against Horace Thayer and William Peet. The object of the action was to obtain a cancellation of a certain judgment against the plaintiff's testator which had been recovered by one Foster, and was now held and owned by the defendant Thayer.

---

* Consult on this subject Crocker *v.* Crocker, 31 *N. Y.* 507; reversing in part 17 *How. Pr.* 504; as explained and corrected in McNeil *v.* Tenth National Bank, 55 *Barb.* 59. And see latter case in 46 *N. Y.* 325; Wait *v.* Green, 36 *N. Y.* 556; affirming 35 *Barb.* 585; Ballard *v.* Burgett, 40 *N. Y.* 314; affirming 47 *Barb.* 646; 39 *N. Y.* 243; Spraights *v.* Dudley, 39 *N. Y.* 441; affirming 40 *Barb.* 397.

The plaintiff's testator made his note for the sum of nine hundred and fifty dollars, payable to the order of one Robert Stewart, and delivered the same to him. Stewart borrowed of one Amasa S. Foster the sum of fifty dollars, and transferred to him the said note as collateral security, before its maturity. Foster commenced a suit upon the note, when overdue, and recovered judgment thereon by default against plaintiff's testator, for the full amount of the note.

Defendant sold to Stewart, the payee of the note, certain property, for which he took in payment an assignment of said judgment from said Foster, and which was procured from him by said Stewart, on repayment to said Foster of the sum of fifty dollars, advanced by him to said Stewart, and the interest thereon, and the costs of said judgment.

The referee before whom the action was tried found as facts:

1. That the note upon which Foster recovered judgment against Blydenburgh, was, before it was due, indorsed over by Stewart, the payee, as security for fifty dollars borrowed money.

2. That the note was lent by Blydenburgh to Stewart for accommodation.

3. That Stewart, at the time the note was given, was largely indebted to Blydenburgh for money lent and money paid to his use, and such indebtedness still remains.

4. That the defendant paid Foster his fifty dollars, with interest and costs, when the judgment was assigned to him.

5. That such payment was made part of the purchase money agreed to be paid to Stewart by the defendant for the judgment, and the judgment was assigned to the defendant by Foster at Stewart's request, and without any notice or knowledge on the part of either Foster or the defendant that Blydenburgh had any defense or set-off against the judgment or the demand on which it was recovered, and that defendant paid full value for the judgment. The referee thereupon gave judgment for the defendant that the plaintiff's complaint be dismissed with costs, and which judgment, on appeal, was affirmed at the general term.

*The decision of the referee* went on the ground that defendant was a *bona fide* holder of the judgment, and that the failure of

appellant's testator to avail himself of his defense in Foster's action estopped the appellant from maintaining the present action.

The supreme court delivered no written opinion. From the judgment plaintiff appealed to this court.

*George Miller*, for plaintiff, appellant;—Cited Bangs *v.* Strong, 4 *N. Y.* 315, 323; Same *v.* Same, 10 *Paige*, 11; 7 *Hill*, 250; Alden *v.* Clark, 11 *How. Pr.* 209, 211; Harbeck *v.* Vanderbilt, 20 *N. Y.* 395, 398; 2 *Story Eq. Jur.* 3, 1435, 1436; Callanan *v.* Edwards, 32 *N. Y.* 483.

*Watson & Stone*, for defendant, respondent;—That ignorance was no ground for relief, cited Lansing *v.* Eddy, 1 *Johns. Ch.* 51; *Story Eq. Jur.* §§ 894, 1572, 1573, note 4; 13 *Vt.* 477; 17 *Id.* 435; 17 *Conn.* 530; 19 *Id.* 84; Burton *v.* Wiley, 26 *Vt.* 430, 432; Nason *v.* Wareing, 15 *Eng. L. & Eq.* 121, 124; 15 *Beav.* 151; Schroeppell *v.* Shaw, 3 *N. Y.* 452; Bruen *v.* Hone, 2 *Barb.* 596–7; Vilas *v.* Jones, 1 *N. Y.* 281–2; 2 *Story Eq.* 887; 7 *Cranch*, 332; 5 *Paige*, 249; Lee *v.* Insurance Bank, 2 *Ala. N. S.* 20; Le Guen *v.* Gouverneur, 1 *Johns. Cas.* 491; Foster *v.* State Bank, 17 *Ala. N. S.* 672; Perrine *v.* Carlisle, 19 *Id.* 690; Skinner *v.* Deming, 2 *Carter Ind.* 558, 561; 1 *Bibb*, 173; 1 *Johns. Ch.* 49; 3 *Id.* 331; 6 *Id.* 87; Shelmire *v.* Thompson, 2 *Blackf.* (*Ind.*) 270–1; Graham *v.* Roberts, 1 *Head* (*Tenn.*) 56, 60; Protheroe *v.* Forman, 2 *Swanst.* 227; Duncan *v.* Lyon, 3 *Johns. Ch.* 356; Norton *v.* Woods, 22 *Wend.* 523. S. P., Dodge *v.* Strong, 2 *Johns. Ch.* 228; Wiser *v.* Blatchley, *Id.* 492, 493; *Burge on Suretyship*, 366, Boston ed.; Bridgeport Co. *v.* Wilson, 7 *Bosw.* 427; Kimble *v.* Cummins, 3 *Metc.* (*Ky.*) 327; Bachellor *v.* Priest, 12 *Pick.* 399; 1 *Evans' Pothier*, 278; Chance *v.* Isaacs, 5 *Paige*, 592; Coster *v.* Griswold, 4 *Edw.* 375; Walker *v.* McKay, 2 *Metc.* (*Ky.*) 294; Ingalls *v.* Dennett, 6 *Greenl.* 79. That omitting to interpose defense at law, and allowing receiver to be appointed, was an estoppel;—Pickard *v.* Sears, 6 *Ad. & E.* 469 (approved, 4 *N. Y.* 309; 10 *Id.* 75; 11 *Id.* 73; 18 *Id.* 394; 22 *Id.* 313); Freeman *v.* Cooke, 2 *Exch.* 654; Kingsley *v.* Vernon, 4 *Sandf. S. Ct.* 364; Cornish *v.* Abingdon, 4 *Hurls. & N.* 556; Swan *v.* North British Aus-

Blydenburgh v. Thayer.

tralian Co., 7 *Id.* 633; 2 *Pars. on Cont.* 5 ed. 798, notes; Petrie *v.* Feeter, 21 *Wend.* 172, 174; Watson *v.* McLaren, 19 *Id.* 563, and cases cited; approved, 2 *N. Y.* 281; Cornell *v.* Townsend, 19 *How. Pr.* 184, 191. That the receiver's informing Thayer that the judgment was good estopped plaintiff;— Porter *v.* Williams, 9·*N. Y.* 149; *Re* Barr's Trust, 4 *Kay & J.* (*Eng.*) *Ch.* 219; *Re* Atkinson, 2 *De Gex, McN. & G.* 143, per SUGDEN, Ch. J.; *Smith's Manual of Equity*, 7 ed. p. 237; Gardner *v.* Smith, 29 *Barb.* 76; 9 *N. Y.* 149; Leach, V. Ch., Searl *v.* Hall, 3 *Russ.* 13; Leveridge *v.* Cooper, *Id.* 43; *Sugden on Vendors*, p. 11, ed. of 1822; Richards *v.* Johnston, 4 *Hurls. & N.* 665. That the claims could not be enforced as against a purchaser for value without notice;—Remington *v.* Stevens, *Buller Nisi Prius*, 180; Chapple *v.* Durston, 1 *Crompton & J.* 1; Walker *v.* Clements, 15 *Q. B.* 1046; *Angell on Limitations*, 4 ed. § 74; 2 *Pars. on Cont.* 742; Hewlett *v.* Hewlett, 4 *Edw.* 7, 16; Hale *v.* Andrus, 6 *Cow.* 225, 230; *Pars. Merc. L.* 294, 1 ed.; 2 *Pars. on Bills & Notes*, 638; Reynolds *v.* Doyle, 1 *Mann. & G.* 753; 2 *Scott N. S.* 45; Myers *v.* Davis, 22 *N. Y.* 489; Callanan *v.* Edwards, 32 *Id.* 486; 1 *Pars. on Cont.* 5 ed. 230; Myers *v.* Davis, 22 *N. Y.* 493; Coster *v.* Griswold, 4 *Edw.* 374; *Exp.* Hall, 3 *Ves.* 304; Chance *v.* Isaacs, 5 *Paige*, 592; Coster *v.* Griswold, 4 *Edw.* 374; 2 *Metc.* (*Ky.*) 294; 6 *Greenl.* 79.

BY THE COURT.—DAVIES, J. [After stating the facts.]— Upon the facts found by the referee, it is material to inquire whether the plaintiff's testator had a good defense to the action upon the note instituted by Foster. The interest of Foster in the note and judgment was only to the extent of the fifty dollars advanced by him to Stewart and the costs of the action. On payment of these sums to him by Stewart he was entitled to a transfer of the judgment. Stewart was, therefore, the equitable owner of the judgment, subject to the lien of Foster thereon, and his interests therein to the extent of these amounts. The referee found as a fact that the note was indorsed by Stewart to Foster "as security for fifty dollars borrowed money."

It then becomes necessary to inquire what were the equities

between Stewart and the plaintiff's testator. They are settled by the finding of the referee. He finds that the note was lent by Blydenburgh to Stewart for his accommodation, and that Stewart, at the time the note was given, was largely indebted to Blydenburgh for money lent and money paid to his use, and that such indebtedness still remains.

It is too clear to need argument, or illustration, or authority, that Stewart could not enforce this judgment against the estate of the plaintiff's testator. The next inquiry is, does the defendant, who is the assignee of Stewart, of the whole judgment, except as to the amount paid to Foster, stand in any better position than Stewart? This question has been repeatedly answered by adjudication in this court. Callanan *v.* Edwards, 32 *N. Y.* 483; Bush *v.* Lathrop, 22 *Id.* 535; Anderson *v.* Nicholas, 28 *Id.* 600; Beebe *v.* Bank of N. Y., 1 *Johns.* 529.

These cases all affirm the doctrine that the assignee of a chose in action, not negotiable, takes the thing assigned subject to all the rights which the debtor had acquired in respect thereto prior to the assignment. The assignee takes, subject to all existing equities, and those on the part of the plaintiff's testator were, that the judgment could only be enforced against him to the amount due to Foster and which was paid to him. Nothing was done by the plaintiff or his testator which estops him from setting up these equities as against either Foster, Stewart or the defendant. The judgment was only available in the hands of either of them, to the extent of fifty dollars advanced by Foster and the interest thereon, and the costs of the action. On payment of these sums, the plaintiff or his testator was entitled to have the judgment canceled.

The judgment should be reserved and a new trial granted, costs to abide the event.

BOCKES, J., read an opinion to the same effect.

All the judges concurred.

Judgment reversed, and new trial ordered, costs to abide the event.