# Webb v. Butler, et al. and Butler, et al. v. Webb.

### Bill for an Accounting, Settlement and Contribution.

#### (Decided May 18, 1916. 72 South. 31.)

1. **Partnership; Actions; Parties.**—Where partners, as trustees, liquidated the partnership indebtedness, and filed a bill against their co-partners for contribution and accounting, all the members of the partnership are proper parties, and presumptively necessary parties.

2. **Same.**—Those partners not interested in an accounting, and not liable for partnership debts are not necessary parties to a bill for contribution and an accounting.

4. **Same; Joinder.**—Where the bill was filed by partners, who had liquidated the partnership debt, against their co-partners for contribution and accounting, it was not demurrable because it joined a former partner, as he was a proper, if not necessary, party, and it was not necessary that the bill should negative his defense of non liability.

4. **Same; Contribution and Accounting; Plea.**—The bill examined and held to sufficiently allege facts showing that certain partners who were not made parties were not interested in the settlement.

APPEAL from Jackson Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by J. C. Butler and another, individually and as trustee, against H. A. Webb and others, for an accounting, settlement, and contribution. From a decree overruling demurrers to the amended bill, defendants appeals. Affirmed.

The amendment makes all of the partners, or all the persons who were at any time members of said partnership, parties to the

bill, except the following, who are not made parties for the reason stated, to-wit: W. H. Williamson, one of the original partners owning $500 of the capital stock, departed this life on or about the 20th day of January, 1909. Soon thereafter administration was granted on his estate by the probate court of Jackson county, where intestate lived and died, and on March 15, 1909, his administrator transferred or assigned all interest of said estate in said partnership as shown by the list attached. Complainants aver that said estate was fully administered and all claims in favor of the partners or partnership creditors of said decedent were discharged or barred, and said estate is not now in any way accountable. M. A. Clay, one of the original partners, died December 5, 19?9, and was at the time of his death living in Jackson county, and on December 24, 1909, his will was duly admitted to probate, and letters of administration with the will annexed granted upon his estate, and that thereafter his administrators by agreement in writing, executed by the trustees and other parties, compromised and settled all liability of the estate of Clay to the partnership, its creditors, or to the partners at any time engaged in the said business, which compromise and settlement was ratified by the probate court. A copy of the agreement, etc., is attached. J. W. Tipton & Co., original partners, owning $100 of stock, transferred or assigned their shares of stock in said partnership to J. H. Williamson on April 13, 1906, a few months after the organization of the partnership, and said Williamson was accepted as a partner by the firm in lieu of Tipton & Co., and all of the debts and liabilities of the partnership existing at the time of the withdrawal of said Tipton & Co. were paid by the partners prior to its final dissolution, and are neither debtor nor creditor partners interested in this accounting. The firm of Butler, Rousseau & Co., original partners, consisted of J. C. Butler, C. M. Rousseau, and S. R. Butler, all of whom are now parties to this bill. Said firm has been dissolved and has not contributed anything to the payment of the said debts of the banking firm, and the said firm is in no way indebted to Butler, Rousseau & Co., and the individual members thereof who succeeded to and assumed all the liability of every kind held by any one against the said firm. W. B. Bridges, one of the original partners, died October 20, 1910, as cashier of the bank, and on his decease the banking business was discontinued. W. W. Bridges became a partner by the purchase of certain shares as shown in the list, and continued to

be a partner at the time of dissolution. On December 21, 1910, the surviving partners and trustees of said bank entered into a written agreement with Mrs. Mary Bridges, the widow of W. B. Bridges, and the mother of W. W. Bridges, in and by which all liabilities of the estate of the said W. B. Bridges and of the said W. W. Bridges was fully compromised, settled, and satisfied. N. W. Wallace compromised and settled all of his liability growing out of his relation as surviving partner by agreement in writing with the trustees.

All these agreements referred to are set.out as exhibits to the bill as amended.

LAWRENCE E. BROWN, and SPRAGINS & SPEAKE, for appellant. BOULDIN & WIMBERLY, for appellee.

ANDERSON, C. J.—The opinion upon the former appeal in this case is reported in 192 Ala. 287, 68 South. 369, and the bill was subsequently amended in an effort to conform to said opinion. This appeal is from the ruling upon the demurrers both as to the want of necessary parties and the joinder of an improper party.

(1, 2) In the former opinion it was held that in order to a full accounting of the partnership affairs, all the persons at any time connected with the partnership should be made parties, unless there was averment showing that they no longer had any interest in the accounting to be had. That is, that being a member of the partnership prima facie requires their presence in the suit in order that it might be ascertained whether they were creditor or debtor partners as related to other partners. The bill does not involve the right of creditors against the partners, but an accounting, contribution, and settlement between the partners arising out of a settlement by some of them of the partnership debts and an equitable distribution of the assets and final settlement between the partners, or those of them who had not been finally discharged by their co-partners. While all partners would prima facie be necessary parties, and might under any conditions be proper parties, equity pleading would not forbid averment and proof dispensing with the necessity of making them parties to the cause. The law not only abhors unnecessary litigation, but should not be resorted to for the purpose of doing vain and useless things. We think that the amended bill suffici-

ently sets up a state of facts to show that the representative of Williamson, deceased, was an unnecessary party as his estate was in no wise interested in the settlement between the other partners. The same as to J. W. Tipton & Co., Butler, Rouseau & Co., W. B. Bridges, W. W. Bridges, and N. W. Wallace.

(3, 4) As to S. R. Butler, he was a proper, if not a necessary, party, and the bill was not subject to demurrer for making him a party. The bill shows that he was for a good period connected with the bank firm, either individually or through his firm, and if he can show that none of the existing debts of the bank were incurred while he was a partner, and that he is in no way interested in the settlement, this would be defensive matter which need not be anticipated by an averment in the bill.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.