[Graves v. Shulman, Goetter & Weil.]

# Graves *v.* Shulman, Goetter & Weil.

### Statute of Frauds.

1. *The promise, for a consideration, to pay the debt of another is not within the Statute of Frauds.*—A promise of one person to pay the debt of another, made upon a new and valuable consideration beneficial to the promissor, is not within the Statute of Frauds.

2. *A promissory note is not conclusive presumption that the payee has paid the maker.*—Although the giving of a note is *prima facie* evidence that a previous indebtedness of the payee to the maker is or has been extinguished, yet the contrary may be shown by proof.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

At the spring term, 1875, of the Circuit Court of Montgomery county, Louis Shulman, Louis Goetter and David Weil, partners under the firm name and style of Shulman, Goetter & Weil, filed against W. D. Graves the following complaint:

"The plaintiffs claim of the defendant one hundred and seventy 85-100 dollars, due by promissory note made by him on the 27th day of November, 1873, and payable on the 28th day of November, 1873, with interest thereon, payable at the office of the plaintiffs at their office in Montgomery, Alabama."

The plea and demurrer to the plea, and other facts, sufficiently appear in the opinion.

R. M. WILLIAMSON, and ARRINGTON & GRAHAM, and FITZPATRICK & RUGELEY, for appellants.—The pleas to which the appellees demurred set out a contract by which the appellees promised, upon a consideration, to pay the appellant certain money due the appellant from one Mead. The consideration of the promise was beneficial to the appellees. Such an agreement is not within the Statute of Frauds.—20 Ala. 109; 21 Ala. 720; 37 Ala. 32; 30 Ala. 597; 2 Brick. Dig. p. 31, § 234.

SAYRE & GRAVES, for appellees.

MANNING, J.—The plea in effect alleges that one Mead being indebted to defendant by a note made by him and

[Graves v. Shulman, Goetter & Weil.]

another, which had become the property of defendant, and being willing and about to secure the payment thereof by a mortgage to him of some property, appellees, the plaintiffs in the Circuit Court, to whom also said Mead was then indebted, and of whom he proposed to purchase other goods during the current year, agreed with said Mead and defendant, that in consideration that Mead would and did execute a mortgage of the same and other property to plaintiffs, to secure payment to them of the debt so due and to be contracted, and also of the amount of his debt to defendant, they, the plaintiffs would pay, as they did, in cash, to defendant, three hundred dollars of the debt of Mead to him, and would pay the residue thereof, the next fall afterwards, to defendant; but that, although in pursuance of the agreement, the debt of Mead to defendant was discharged and extinguished, plaintiffs did not and would not pay the said residue of said debt to defendant, but were now on account thereof indebted to him $236 12-100, besides interest; which indebtedness they offered to set-off against the debt sued for.

To this plea a demurrer was sustained; and the main question presented for our decision, is, whether or not under the statute of frauds the contract set up in the plea, was not void as an agreement, not in writing to pay the debt of another person.

It has been frequently decided in this State, that the promise of one to pay the debt of another, made upon a new and valuable consideration beneficial to the promissor, is not within the statute of frauds.—See some of the cases referred to in *Mason v. Hall*, 30 Ala. 601, and *Ragland v. Wynne*, 37 id. 32.

The other ground of demurrer, that the agreement described in the plea was of an older date than was the note which is sued on—and could not, therefore, be set up against the note, is not well taken. Although the giving of a note is often *prima facie* evidence that a previous indebtedness of the payee to the maker has been, or is discharged, it is allowable to allege and show in any particular case, that in such case, this is not true. And in the plea under consideration, it is alleged that the prior indebtedness of plaintiffs to defendant set up in the plea of set-off was not in fact discharged.

Let the judgment be reversed and the cause remanded.