[Filed January 6, 1891.]

## J. W. RAYBURN *v.* L. L. HURD ET AL.

SET-OFF—GOODS SOLD AND DELIVERED.—Where an account for goods sold and delivered is definite, and exists in the form of a debt which was then due and payable at the time of the transfer, it is a proper matter of set-off.

ASSIGNMENT—CHOSE IN ACTION.—The principle is well established that the purchaser of anything in action, not negotiable, takes it subject to all the defenses which the debtor or promissor had at the time of the assignment.

ASSIGNEE—SUBJECT TO DEFENSES.—An assignee of a chose in action, not negotiable, takes the thing assigned subject to all the rights which the debtor had acquired in respect thereto prior to the assignment or the time notice was given of it.

BILL OF ITEMS—WHEN DEFAULT MAY BE RELIEVED.—The court may, in its discretion, relieve a party from default in failing to furnish a bill of items, when it is made to satisfactorily appear that a good and sufficient reason existed for such failure, and one is furnished, etc.

Benton county: R. S. BEAN, Judge.

Plaintiff appeals.    Affirmed.

This is an action brought by the plaintiff against the defendants to recover the sum of $350 with interest on a non-negotiable promissory note, made by the defendants to J. C. Young, on the 28th day of August, 1888, and sold and assigned by him to the plaintiff, etc. The defendants admit the making of said note, but deny the assignment, and then allege affirmatively by way of set-off that the said Young, on the 28th day of August, 1888, was indebted to James C. Taylor in the sum of $299.29 for balance due on account for goods and wares sold and delivered to the said Young by the said Taylor at his special instance and request, at the various dates and times therein specified, and that the said sum of $299.29 has not been paid nor any part thereof; that on the 28th day of August, 1888, the said James C. Taylor sold and assigned the said account to the defendant L. L. Hurd, and that on the same day, for value received, he sold

and assigned the undivided three-fourths of said account to the other defendants, and that the defendants in said action were the *bona fide* owners of said accounts since the 28th day of August, 1888. It is enough to say that an account for $63, in favor of Geo. Taylor, was similarly assigned and is set out as a defense in substance to the same effect. The reply denied all the material allegations of the complaint.

Upon a trial the jury found a verdict for the plaintiff for the sum of $381, offset by accounts for $360.94, leaving a balance due the plaintiff for the sum of $20.06, for which judgment was rendered by the court, and from which the plaintiff appeals to this court.

*L. Flinn*, for Appellant.

*W. S. McFadden*, and *J. R. Bryson*, for Respondent.

LORD, J.—The principal question presented by this record relates to the defense of set-off. The objection is, that the accounts for goods sold and delivered are not liquidated, and that the defendant ought not to be permitted to plead them as a set-off, because the defendants owed the accounts at the time of the execution of the non-negotiable note by them. The accounts are for goods sold and delivered, and the amount is ascertained and definitely fixed by arithmetical computation, and they exist in the form of a debt which the defendants claim were then due and payable at the time of the transfer. An itemized account of them was furnished the plaintiff, and there is no pretense of mistake or that they were not just and valid; nor that the assignor of the plaintiff did not owe them and defendants own them, and upon which they could have maintained action before the transfer. It is an old rule that wherever the debt is so certain that an *indebitatus assumpsit* would lie, it is the proper subject of set-off. (*Burgess* v. *Tucker*, 5 Johnson, 104.) The defendants' demand was for money on an account for goods sold and delivered, and for its recovery an *indebitatus assumpsit* would lie, and this, as the authorities show, furnishes the test for its allowance as a set-off. In *Smith* v. *Huie*, 14 Ala. 201, it was held that a demand for the

value of the corn delivered may be pleaded as a set-off, though the price of the corn had not been agreed on, the court saying: "It has been held that a demand for which an *indebitatus assumpsit* would lie may be pleaded as a set-off to a debt due on a note, and that it is not necessary to constitute a moneyed demand; that the price should have been agreed for articles sold which compose it." The cases cited have no relevancy to the point involved, as note *Boyer* v. *Clark*, 3 Neb. 161, or *Pierce* v. *Hoffman*, 4 Wis. 290. As an *indebitatus assumpsit* will lie for goods sold and delivered, which being a money demand in the form of a debt, necessarily goods sold and delivered is good matter of set-off, because the demand is liquidated and the amount definitely ascertained and alleged, and a debt then due and payable at the time of the transfer. This result is fatal to the objection raised.

As to the next, the instrument upon which the action is brought is a non-negotiable note; and before reaching the real objection urged, it is necessary to consider its assignment and the subjects to which it is liable as set-off in the hands of the assignee. Our statute provides that, "in case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off, or other defense existing at the time of or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due." (Hill's Code, § 28.) This section and section 27 preceding it requiring in most cases that the real party in interest be plaintiff, have enabled the assignee of a thing in action to sue in his own name, but in all other respects the rights of the parties remain unchanged. The principle is well settled that a purchaser of a thing in action, not negotiable, takes it subject to all the defenses which the debtor or promissor had at the time of the assignment, and which he could have made available as a defense. When the maker of a non-negotiable instrument is sued by the assignee, he may set up as a defense against him any

such matter by way of set-off or other defense as he could have set up against his assignor. The complaint shows that the instrument upon which the action is brought is a non-negotiable note and that the day after its execution it was assigned to the plaintiff. This entitled the defendant to set up any defense which he could have interposed against the assignor, and which existed at the time and before notice of the assignment. "An assignee," said DENIO, C. J., "of a chose in action, not negotiable, takes the thing assigned, subject to all the rights which the debtor had acquired in respect thereto prior to the assignment, or the time notice was given of it when there is an interval between the execution of the transfer and the notice." (*Callahan* v. *Edwards et al.* 32 N. Y. 483.) The defendants had acquired the accounts prior to the transfer, and owned them at the time the note was executed. They gave the non-negotiable note, and on the same day received a transfer of the accounts against the assignor of the plaintiff which was prior to the assignment. This shows that there was an existing indebtedness against the assignor of the plaintiff then due and payable before as well as at the time of the assignment upon which an action might have been maintained by the defendants. When the defendants as promissors of such an instrument were sued by the assignee, the defenses which they had at the time of the assignment against the original creditor alike avail to them against the plaintiff as the substituted creditor. When the plaintiff sued them on this note it was then due and payable, and there existed two opposing demands in a perfect condition at the same time, and in such case either may insist upon a set-off. (Pomeroy's Rem. § 163.) "A set-off," said SANDFORD, C. J., "is made where the defendant has a debt against the plaintiff arising out of a transaction independent of the contract on which the plaintiff sues and desires to avail himself of that debt in the existing suit, either to reduce the plaintiff's recovery or to defeat it altogether." (*Avery* v. *Brown,* 31 Conn. 401.) The accounts held by the defendants were mature for collection on their

part and complete as matters of set-off as the cause of action upon the note. As a consequence, the right of set-off existed at the time of the assignment and the plaintiff took subject to it.

This result obviates all objections urged upon this phase of the case, except the contention that, as the defendants owned the accounts at the time the note was executed, they ought not to be permitted to plead it as a set-off. While it is true that the giving of a note is *prima facie* evidence that an existing indebtedness of the payee to the maker is paid, yet the fact may be alleged and shown to be otherwise. The fact that the assignor of the plaintiff owed the defendants at the time they gave him their note, in the absence of any explanation, might be considered as a settlement between the parties, but such is not the case when it is alleged and proved that such indebtedness is not paid, and is offered as a matter of set-off. In *Graves* v. *Shulman,* 59 Ala. 407, the court says: "Although the giving of a note is *prima facie* evidence that a previous indebtedness of the payee to the maker is or has been discharged, it is allowable to allege and show in any particular case that in such case this is not true. And in the plea under consideration it is alleged that the prior indebtedness of the plaintiff to the defendant set up in the plea of set-off was not discharged."

In the present case it is distinctly alleged that the demands pleaded as a set-off are not paid, nor any part thereof. If after the assignment the defendants had promised the assignee to pay the note, there might be some force in the argument that the defendants ought to be estopped from setting up their demands. But as the case stands, it is difficult to understand its applicability or that the doctrine we have been considering encourages litigation. That argument, once earnestly urged, has long since been exploded, for practical experience has utterly refuted it. The position which the plaintiff as assignee occupied was the same which his assignor occupied at the time of the transfer, and, standing in his shoes, he must abide the consequences of his

position, and cannot avoid defenses to which his assignor was liable at the time of the assignment.

This disposes of all questions, except one other, to which little objection was urged, and which we shall dispose of by saying that the trial court may, in its discretion, relieve a party from default in failing to furnish a bill of items, when it is made satisfactorily to appear that a good and sufficient reason existed for such failure at the time, and one is furnished. (*Robbins* v. *Butler*, 13 Colo. 496.)