# Jackson *v.* Georgia Fire Insurance Co.

*Assumpsit.*

(Decided November 7, 1914.   66 South. 588.)

1. *Judgment; Parties; Joint Makers.*—Where the action is against joint makers of a promissory note, a judgment may be rendered against one maker, and in favor of the others.

2. *Bills and Notes; Action by Endorsee; Replication.*—Where the action was against the joint makers of a note, and defendant set up that his signature was procured by fraud of the payee, a replication stating that the note was endorsed by the payee before maturity to a bank to secure a loan made by the bank, without notice of any defense, and that the bank, after due notice to the payee, and pursuant to an agreement with him, sold the note to plaintiff after the payee's default, and applied the proceeds on the loan, brought the plaintiff within the protection of the provisions of sections 5012-14, Code 1907, and was not demurrable.

3. *Same; Non Est Factum; Directing Verdict.*—Where an action was brought against the joint makers of a note, and one of defendants filed a plea of non est factum, and plaintiff offered no evidence as to him, the court properly directed a verdict for such defendant.

4. *Same; Defenses; Notice.*—Evidence that a bank, which in due course of business took a note as security for a loan made to payee, knew that the payee then was or had been in trouble with an insurance company concerning the application of funds received from insurance notes, was irrelevant, where the company made no claims to the note sued on.

APPEAL from Marshall Circuit Court.
Heard before Hon. W. W. HARALSON.

Action by the Georgia Fire Insurance Company against H. R. Jackson and others. Judgment for plaintiff as against said Jackson and he appeals. Affirmed.

McCord & Orr, for appellant.

Street, Isbell & Bradford, for appellee.

De GRAFFENRIED, J.—In an action against two or more persons as joint makers of a promissory note, which is, under our statutes, a joint and several obligation, judgment on verdict may be rendered against one of the makers and in favor of the others.—*Burns & Co., v. Moore & McGee,* 76 Ala. 339, 52 Am. Rep. 332; Code of 1907, § 2504.

2. The defendant, appellant here, Jackson, pleaded, in substance, that his signature to the note had been procured by the fraud of its payee, Mason. The plaintiff, among other replications to the above plea of the defendant, filed the following: "The plaintiff pleads further and says that the note on which this suit is founded was before maturity, indorsed by the payee thereof to the Farmers' & Merchants' Bank to secure a bona fide loan of money then and there made by the said bank to the payee of said note; and, without notice to the said bank of any defense thereto, that the payee of said note at the time the loan was made and before the maturity of said note authorized the said bank to sell the note at public or private sale for the satisfaction and payment of said loan, if said loan was not paid when due, and after due notice to the payee of said note after default in the payment of said loan by the payee of the said note, his note was sold to the plaintiff and the proceeds of said sale were applied on said loan."

The note sued on was negotiable, and this replication brings the plaintiff directly within the protection of sections 5012, 5013, and 5014, of the Code of 1907, which relate to the rights of the holders of commercial paper acquired by them in the due course of business. The trial court committed no error in overruling the demurrer to the above replication.

The plaintiff filed, in addition to the replication above set out, another replication showing that it was a holder, in due course, of said note, and that replication, for the reasons above set out, was not subject to the defendant's demurrer.

3. In this case there were three makers of the note. One of the makers filed, among other pleas, a plea of non est factum. One of the makers filed no plea, and the appellant, the other maker, filed the plea to which we have above referred. The plea of non est factum cast the burden of proving the execution of the note by the defendant, who filed the plea, upon the plaintiff. The plaintiff offered no proof as to the execution of the note by the defendant who filed the plea of non est factum. In fact, he did not offer the note in evidence as to her. As there was, then, no evidence before the jury as to her liability on the note, the court properly gave affirmative instruction in her behalf to the jury, and there was a verdict and judgment in her favor.

4. The fact that the bank, to whom, in the due course of business, the payee of the note transferred the note, knew that the payee was in trouble, or had been in trouble, with an insurance company about the misapplication of some of its funds received from insurance notes, was of no relevancy in this case. No insurance company is laying any claim to this note because of its misapplication. The plaintiff bought this note from

the bank and paid the bank for it. We presume that the appellant attempted to raise, by this *hint* in the testimony, the question as to whether *if* the payee was, at the time he procured the note, acting for the appellee, Georgia Fire Insurance Company, and *if* the note was given to the payee for the benefit of his undisclosed principal as a premium on a policy issued or to be issued to one of the makers of the note by said Georgia Fire Insurance Company, and *if* the note was procured by the fraud of the payee, then that, as the Georgia Fire Insurance Company was bound by the fraud of its said agent, the payee, the said Georgia Fire Insurance Company, being in fact, through its said agent, a party to the fraud, was not in a position to buy the said note from the bank and to thus acquire a good title to the note. The trouble with the appellant is that this *hint* in the testimony does not raise the question for him. If he had shown by legal testimony that his signature to the note was procured by the fraud of the payee, a different question would be presented. The burden was on the defendant (appellant here) to sustain, by legal evidence, the allegations of his plea. This he did not do. He did, indeed, have evidence that he signed the note under certain representations, but he offered no legal evidence whatever as to *their falsity*. If Mrs. Parrish did not request Hale to procure the signature of the appellant to the note, he should have offered legal evidence of that *fact*. The appellant was not in a position to testify, from his knowledge, whether Hale had misrepresented the facts or not. Hale knew, and so did Mrs. Parrish, but appellant did not know, and could not therefore so testify. Mrs. Parrish filed several pleas in the case; among others, that she had not requested that appel-

[Jackson v. Georgia Fire Insurance Co.]

lant should sign the note and that the addition of his signature to the note was without her knowledge or consent. These *separate* pleas of Mrs. Parrish were *no* evidence, on behalf of *appellant,* who had *his separate* pleas in the case, and tended, in no way, to establish any fact which the jury could consider on behalf of appellant. When a party to a cause files a plea, he must, if he expects to recover on that plea, offer the evidence which the law says is sufficient to meet the legal requirements of the plea. The appellant had no right to expect, and that law did not require, the plaintiff to offer any evidence in support of its *replication* to the plea until the appellant had offered some evidence in support of the material allegations of his plea. When the appellant rested, under the pleadings and the evidence, this case should have there ended. The plaintiff was then, under all the evidence, entitled to the affirmative charge. We deem it unnecessary to discuss, therefore, any of the objections which were interposed by the appellant to the rebuttal evidence of the plaintiff. Under all the *evidence* in this case the plaintiff was entitled to affirmative instructions in its behalf.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.