AUGUSTA NAIDECH ET AL., PARTNERS, ETC., APPELLANTS, v. GEORGE HEMPFLING AND WIFE, IMPLEADED, ETC., RESPONDENTS.

Submitted October 7, 1941—Decided December 19, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *Joseph Grossman*.

For the respondents, *Charles W. Weleck*.

The opinion of the court was delivered by

PARKER, J. The action is under the Mechanics' Lien Statute, *N. J. S. A.* 2:60-105 *et seq.* for materials furnished for a building. There was a motion to "strike out the complaint" as showing on its face that plaintiffs had received payment in full for all materials supplied after the "notice of intention" required by section 2:60-112 of the act had been filed; and the District Court judge "dismissed the action" as against the present respondents, charged in the complaint as "owners."

The case is submitted on briefs; and the only question to be decided at this time relates to the application of payments. The bill of particulars annexed to the complaint (so styled in the act, 2:60-139, though the action was in a District Court) consists of a large number of minor items of material, beginning on September 30th, 1940, together with two "contracts," one for $970 not dated, but preceding the item of September 30th, and called "lumber contract," and the other, called "garage contract" accompanying minor items of November 10th, 1940. The last item is dated December 9th. There were payments on account, of $400 on October 21st, $214.35 November 19th, $20.33 on November 22d, $293.65 on Decem-

ber 23d, $300 on January 30th, 1941, and a credit of $5.55 materials returned, not dated, but following the item of $300. The debit balance claimed was $200.75, for which amount lien was claimed and judgment asked.

The difficulty arises from the fact that the "notice of intention" was not filed until October 10th, at which time $34.30 of material had been furnished, in addition to the contract price of $970 charged at the outset. Just what part, if any, of the material covered by the $970 had been supplied, is a question not answered by anything in the case; nor need we consider the question, not suggested in either brief, whether a lien will lie for the amount of a lump sum contract irrespective of whether there had been any performance in whole or part; for the rules as to application of payments are perfectly well settled. Those here applicable are as follows: 1. A debtor owing several debts to a creditor is entitled to direct application of any payment to whichever debt he wishes it applied. 2. If the debtor does not so direct, the creditor may make the application. 3. If neither party makes the application, and one debt is secured and another unsecured, a court of equity will usually direct application to the unsecured debt; and 4, as regards the items of a running account, payments not appropriated by either party will be applied to the earlier items. *Terhune* v. *Colton*, 12 *N. J. Eq.* 232; *Ibid.*, 312 (320); *Turner* v. *Hill*, 56 *Id.* 293; *Hickey* v. *First National Bank*, 110 *Id.* 52; *Grover* v. *Board of Education, &c.*, 102 *Id.* 415; 104 *Id.* 197; *Forst* v. *Kirkpatrick*, 64 *Id.* 578.

In the present case it seems to be conceded that apart from questions of payment, the "notice of intention" filed on October 10th will support a lien claim for material supplied after that date: but the argument for respondents is, as we understand it, that the payments credited must be applied, so far as required, to the liquidation of items later in date than October 10th, leaving the earlier unlienable items recoverable only by a general action at law against the "builders." We do not so view the matter. No application of payments by the debtors is made to appear, so it was open to the creditors to apply them, which apparently they have

done by application to the earlier unsecured items, as evidenced by their claim for a general balance; or failing action by either party, the court will make that application. It follows that the judgment of dismissal was erroneous, and must be reversed, and the cause remanded for trial.

It may be well to point out at this time that the citation of decisions reported in our official reports, solely by reference to other publications, and omitting the official citations, which practice has been followed in both briefs, imposes unnecessary labor on the court in checking up those decisions, and is a practice discountenanced by rule 23 of the Court of Errors and Appeals: and that the use of the expression "and/or" is discredited both in this court and the Court of Errors and Appeals. *Fisher* v. *Healy's Tours,* 121 *N. J. L.* 198; *Harcher* v. *Hurley,* 116 *Id.* 18; *Morris Plan, &c.,* v. *Kemeny,* 123 *Id.* 389, 390.

The point is not before us, but we notice in the second count of the complaint a claim that the lien of the plaintiffs is superior to that of a certain plumbing supply company, which filed a "notice of intention" a week after that of the plaintiffs. As to this, we content ourselves with a citation of the section numbered 2:60-163, which seems to provide that all lien claims on the same building are concurrent.