121 So.2d 99

John R. MOFFITT

v.

H. T. FITZPATRICK.

3 Div. 899.

Supreme Court of Alabama.

June 2, 1960.

Pilcher, Wright, Long & Booth, Montgomery, for appellant.

**678**

Albert W. Copeland, Euel A. Screws, Jr., and Godbold, Hobbs & Copeland, Montgomery, for appellee.

MERRILL, Justice.

Appeal from a decree overruling demurrer to the bill of complaint as amended.

Appellee Fitzpatrick filed the bill against appellant Moffitt, alleging that in September, 1950, appellant, who had had experience in operating motion picture theaters, represented to Mary Ann Murphy Rankin, Nell B. Laney and appellee that the Clover Theater was for sale and invited them to associate with him in a partnership venture to purchase it.

It was alleged that appellant represented that Mary Rankin had deposited $5,200 as her contribution; that Nell Laney had deposited $2,000, and that Moffitt had deposited $16,200, and that the partnership would commence business with a total capital of $26,000, with interest of each partner to be:

| John R. Moffitt | $16,200.00 | 81/130 |
| Mary Ann Murphy (Rankin) | 5,200.00 | 26/130 |
| Nell B. Laney | 2,000.00 | 10/130 |
| H. T. Fitzpatrick | 2,600.00 | 13/130 |

Appellee further alleged that appellant represented to him that upon the expenditure of the contributed cash, the assets of the partnership when it commenced business would be as follows:

| Cash in Bank | $ 600.00 |
| Mortgage Note Receivable | 5,000.00 |
| Equipment and Fixtures | 20,400.00 |

Appellee further alleged that these representations by appellant were false and known to him to be false in that all the partners contributed cash, except appellant Moffitt, who contributed no cash, but used the cash contributed by the others to make a down payment on the Clover assets and secured the balance of the purchase price by giving a chattel mortgage on the said assets, and further that appellant paid and discharged this chattel mortgage indebtedness out of proceeds earned by the partnership and monies paid to him by the partnership.

Appellee in his complaint averred that appellant Moffitt received title to the assets known as the Clover Theater from the former owner in trust for Mary Ann

Murphy Rankin, Nell B. Laney and appellee, and that the true percentage of ownership in said partnership was as follows:

| | |
|---|---|
| Mary Ann Murphy (Rankin) | 52/98 |
| Nell B. Laney | 20/98 |
| H. T. Fitzpatrick | 26/98 |

Appellee further averred that appellant Moffitt subsequently purchased Nell B. Laney's interest of $^{20}/_{98}$ and that his interest in the Clover Theater partnership is $^{20}/_{98}$.

Appellee further averred that appellant has received sums in the form of management fees equal to 6 per cent of the gross earnings of the partnership; that he rendered little or no service to the partnership; that these fees were paid as a result of his misrepresentations as aforesaid as to his interest in the partnership.

The bill prays for: (1) a declaration that Moffitt has no interest in the partnership except that interest purchased from Laney; (2) a declaration that the legal title owned by Moffitt is held by him under a constructive trust; (3) an accounting by Moffitt of all funds received by him from the partnership; (4) the appointment of a receiver to take over the assets of the partnership and to wind up its affairs; and (5) general relief. Although the demurrer was to the bill as a whole and its several aspects, the decree overruled the demurrer generally.

■ Ordinarily, where a bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295; Water Works and Sanitary Sewer Board of City of Montgomery v. Campbell, 262 Ala. 508, 80 So.2d 250; Curjel v. Ash, 261 Ala. 42, 72 So.2d 732. It appears that a justiciable controversy is presented by the declaratory judgment feature of the bill and the demurrer to this aspect would have been properly overruled had it not been for the question of the failure to make a former partner a party, which is discussed later in this opinion.

■ Appellant argues first that the bill was subject to demurrer because the prayer contained the words "and/or." We have disapproved the use of "and/or" in pleadings, and have held pleadings "interlarded" with "and/or" as "too indefinite and uncertain to withstand appropriate demurrer." Minor v. Thomasson, 236 Ala. 247, 182 So. 16; Clay County Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407, 408.

However, there is no appropriate ground of demurrer pointing out this defect in the pleadings. Moreover, the single use of "and/or" in the prayer of the bill "as it is written is not so indefinite or uncertain or imperfect as to be subject to demurrer * * *." Hays v. McCarty, 239 Ala. 400, 195 So. 241, 244.

■ Appellant next contends that the bill is multifarious because of a misjoiner of parties. We cannot agree. The question of misjoiner is aptly raised by the demurrer, but the bill is not multifarious under Equity Rule 15, Code 1940, Tit 7 Appendix and the cases construing that rule.

Appellant's strongest argument is made to support the contention that the bill shows on its face that Nell B. Laney, one of the original partners, should have been a party to the suit.

The bill alleges that the legal title owned by Moffitt is held by him under a constructive trust, that his only actual interest is that which he purchased from Nell B. Laney, that he is due to account to all the partners for all funds received by him from the inception of the partnership, that the interest of Nell B. Laney was not $^{10}/_{130}$ths as was contemplated when he purchased her interest, but was in fact $^{20}/_{98}$ths, and that the partnership should be dissolved.

In Hodge v. Joy, 207 Ala. 198, 92 So. 171, 179, this court said:

"As to proper and necessary parties to a suit in equity, a general statement of the rule of English practice is that, where ·a party comes to a court of equity to seek for that relief which the principles there acted upon entitle him to receive, he should bring before the court all such parties 'as are necessary to enable it to do complete justice, and that he should so far bind the rights of all persons interested in the subject, as to render the performance of the decree which he seeks perfectly safe to the party called upon to perform it, by preventing his being sued or molested against respecting the same matter, either at law or equity.' Sims' Ch.Pr., p. 74, § 123; 1 Daniell's Ch.Pl. & Pr. 241.

"Mr. Pomeroy says that—

"'All persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit; * * so that the relief may be properly adjusted among those entitled, the liabilities properly apportioned, and the incidental or consequential claims or interests of all may be fixed, and all may be bound in respect thereto by the single decree.' 1 Pom.Eq.Jur. (4th Ed.) § 114."

After quoting from Mr. Story, the opinion continues:

"Such is the application of the rule made by this court. Judge Brickell digests the authorities on the point, saying all persons having a material interest in the subject-matter of a suit must be made parties on the principle that no man's rights should be controverted in a court of justice, unless he has full opportunity to appear and vindicate them, and that complete justice may be done and future litigation avoided; the performance of the decree being safe because of the presence in court of all who have an interest in its subject-matter. * * *."

In Webb v. Butler, 196 Ala. 181, 72 So. 31, 32, it was said:

"In the former opinion it was held that in order to a full accounting of the partnership affairs, all the persons at any time connected with the partnership should be made parties, unless there was averment showing that they no longer had any interest in the accounting to be had. That is, that being a member of the partnership prima facie requires their presence in the suit in order that it might be ascertained whether they were creditor or debtor partners as related to other partners. The bill does not involve the right of creditors against the partners, but an accounting, contribution, and settlement between the partners arising out of a settlement by some of them of the partnership debts and an equitable distribution of the assets and final settlement between the partners, or those of them who had not been finally discharged by their co-partners. While all partners would prima facie be necessary parties, and might under any conditions be proper parties, equity pleading would not forbid averment and proof dispensing with the necessity of making them parties to the cause. The law not only abhors unnecessary litigation, but should not be resorted to for the purpose of doing vain and useless things. * * *"

■ In view of the accounting aspect of the bill, the constructive trust aspect and the question raised by the allegations that it was represented that Nell B. Laney owned one interest, when in fact she owned

a larger interest, we are constrained to hold that she should have been made a party to the bill, irrespective of the allegation that: "Complainant further avers that the said respondent Moffitt has purchased the interest of the said Nell B. Laney in said partnership known as Clover Theater and that his share in said Clover Theater is $^{20}\!/_{98}$." It follows that the grounds of demurrer raising the absence of Nell B. Laney as a party were good and the demurrer should have been sustained.

■ Having considered the arguments relating to the equity of the bill, we deem it appropriate to say that the bill contains equity, as it presents a bona fide justiciable controversy requiring a declaration of rights, presents a case for an accounting and for a dissolution of the partnership.

The decree of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.