149 So.2d 293

Rose PINKARD

v.

Lawrence B. HASTINGS.

5 Div. 618.

Court of Appeals of Alabama.

Jan. 22, 1963.

Harry D. Raymon, Tuskegee, for appellant.

Wm. C. Hare, Tuskegee, for appellee.

CATES, Judge.

Hastings claimed $650 for materials "and/or" labor furnished by him under contract with appellant in "construction or improvement or repair" to described real estate of the appellant. The complaint claimed and sought sale under a lien on the land and annexed a notice of lien filed in the probate office. Verdict and judgment for Hastings for $400.

The motion to dismiss under Supreme Court Rule 37 is not well taken: the appellant got his time extended once by the trial judge and next by this court. The filng of the record on June 20 was timely.

The first assignment claims error in the overruling of the appellant's demurrer. The particular vice is the use of "and/or."

■ This phrase can be textually dangerous, as where the buyer agreed "to use and/or pay for." However, in this case, we think "materials or labor or both materials and labor" was comprehended and understood. Hays v. McCarty, 239 Ala. 400, 195 So. 241; Moffitt v. Fitzpatrick, 270 Ala. 676, 121 So.2d 99.

The second and third assignments are based on the refusal of charges affirmative in nature. Since there were opposing tendencies in the evidence on both sides, we see no error.

The fourth assignment rests on the overruling of appellant's motion for new trial.

Grounds 2, 3, 4, 5, 6 and 7 relate to the judgment as originally entered conferring a lien. The entry after reciting issue, jury and verdict continues:

"IT IS THEREFORE CONSIDERED, ORDERED, AND DECREED by the Court that Judgment on verdict for Plaintiff against the Defendant for $400.00, and costs, and with lien against property described in the Complaint for payment thereof."

After the appeal was sued out, Hastings moved to amend the judgment nunc pro tunc. The proposed change was to delete "and with lien against property described in the Complaint for payment thereof." The ground was that the verdict "failed to establish a lien against the property." This was a correct statement.

■ Ground 8 of the motion for new trial was the verdict was not backed up by evidence, in that it was undisputed that the plaintiff had not fully performed the contract. Gates v. O'Gara, 145 Ala. 665, 39 So. 729, was an action to enforce a contractor's lien. Here the action was on account which would admit of different evidence from an action on an indivisible contract.

■ The fifth assignment would put error in the trial judge's amending the judgment below *after appeal to this court.* Un-

der Code 1940, T. 7, § 567, we consider trimming the surplusage from the original judgment so as to make it comport with the verdict was proper. Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, citing Bailey v. State, 253 Ala. 553, 45 So.2d 785.

■ The sixth assignment claims error in letting the plaintiff testify, over objection, as to how much he paid his laborers. Since he had sued on account for labor and/or materials, the answer was relevant.

■ The seventh assignment arose out of a ruling on a question put Otis Pinkard, the appellant's husband:

"Q (BY MR. RAYMON) Now, how much—do you know how much it cost you to get the materials and complete the work that Hastings was supposed to do on that contract?

"MR. HARE: I object to that, your honor.

"THE COURT: Sustain the objection."

As phrased, the expression, "the work that Hastings was supposed to do on that contract" was invasive of the jury's province because of assuming the existence of matters in issue Under plea 2 the appellant averred a contract which Hastings allegedly had breached. Assuming his qualification to have been shown, the witness's opinion of his estimate of the cost of doing specific items either singly or grouped would have been proper under the plea. Thompson v. Wilson, 258 Ala. 548, 63 So.2d 695 ("Mrs. Wilson was *supposed* to pay the taxes"); Life and Casualty Ins. Co. v. Garrett, 250 Ala. 521, 35 So.2d 109.

■ Assignment eight would put the court in error for overruling objection to the plaintiff's testifying as a rebuttal witness as to how much "additional labor" he and his men had performed for the defendant. This is claimed to be matter for the case in chief and not proper rebuttal. This was a matter for the exercise of the

"sound discretion of the trial court." Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621.

■ The ninth assignment rose from the court's cutting off cross-examination by defense counsel. The plaintiff, on rebuttal cross-examination, testified he used $2.00 a square foot as a labor cost in figuring "new work" plus the brick foundation. The use of this unit price in his estimating was gone into thoroughly.

We find no error here when the judge ruled out the question:

"Now, I just want to ask you this to clarify it. This $2.00 a square foot, that's just—"

Our statute, Code 1940, T. 7, § 443, confers the right of "thorough and sifting" cross-examination, yet this does not mean the trial judge may not step in when the sifting is merely repetitive.

The record shows at the close of the evidence the following:

"During Mr. Hare's closing argument to the jury, he was reading the lien contained in the court file, and the following occurred:

"MR. RAYMON: We object to that, if the Court please. It hasn't been introduced into evidence.

"MR. HARE: It's in the file.

"MR. RAYMON: It hasn't been introduced in evidence.

"MR. HARE: It's a part of the file.

"THE COURT: Mr. Hare, I think that's a matter the Court will take cognizance of at the right time. What's the idea of the matter of the lien? The jury isn't required or being asked to pass on any lien, are they?

"MR. HARE: No, sir, but he refers to no lien being in the file—in the case—and there is a lien.

"THE COURT: Well, if it's in reply to argument by the defendant's counsel, go ahead.

"MR. HARE: It's part of the court file, and you said there was no lien involved in the case. (Reading) Lawrence B. Hastings filed this day in writing—

"MR. RAYMON: Just a second. Excuse me for interrupting, but may I have a ruling on my objection?

"THE COURT: I overrule your objection.

"MR. RAYMON: We have the exception.

"THE COURT: The Court is of the opinion that that is in reply to argument by the defendant's attorney, and therefore the plaintiff's attorney has a right to reply to it.

"MR. RAYMON: Yes, sir I agree to that, except that I said there was nothing in evidence and there is still nothing shown to be in evidence, and he is reading something that is not in evidence, if it please the Court, and that's the ground of my objection.

"THE COURT: Yes, sir."

■ In the absence of any contradiction that the reading of the lien was not in counter argument, we cannot ascribe any error to the ruling.

The eleventh assignment claims error in the entry of a judgment conferring a lien. This was cured by amendment. Johnson v. Bryars, supra.

The judgment as amended ·is due to be Affirmed.