217 So.2d 66

**AIR ENGINEERS, INC.**

**v.**

**Warren S. REESE, Jr.**

**3 Div. 66.**

Supreme Court of Alabama.

Oct. 3, 1968.

Rehearing Denied Jan. 2, 1969.

**356**

Hobart A. McWhorter, Jr., of Bradley, Arant, Rose & White, Birmingham, for appellant.

Warren S. Reese, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

Warren S. Reese, Jr., Appellee, brought suit against five defendants for breach of a written contract, dated August 22, 1957, for the purchase and installation of heating and air conditioning equipment in his building at 132 South Perry Street, in Montgomery, Alabama.

The five defendants are D. R. Totten, individually, and d/b/a Modern Electric Company; Mrs. Mary E. Totten, individually, and d/b/a Modern Electric Company; General Electric Company, a Corporation; Lewis J. Mason, Jr.; and Air Engineers, Inc., a Corporation.

The written contract entered into on August 22, 1957 was attached to and made a part of the complaint and all amended complaints as "Exhibit A." The gravamen of the plaintiff's claim is for damages caused by breach of contract to supply and install suitable heating and air conditioning equipment in plaintiff's building.

Defendant Totten filed a plea denying doing business as Modern Electric Company, and his wife, defendant, Mrs. Totten, filed a plea affirming d/b/a Modern Electric Company. The defendants filed demurrers which were sustained and plaintiff amended his complaint.

On October 9, 1962, plaintiff struck General Electric Company as a party defendant and filed another complaint on October 10, 1962, to which the remaining four defendants assigned additional grounds of demurrer. The respective demurrers to plaintiff's last amended complaint, and each count thereof, were overruled. A motion to strike portions of plaintiff's last-amended complaint filed by Air Engineers, Inc., a Corporation, and defendant Mason, was overruled.

The case was tried October 10, 1962 upon the five counts of plaintiff's last-amended complaint, and on the pleas on behalf of the respective defendants of the general issue in short by consent in the usual and accepted form.

At the conclusion of plaintiff's case, the defendants rested and severally requested the general affirmative charge. The court granted defendant Mason the general affirmative charge to the entire complaint, and granted the remaining three defendants the general affirmative charge as to Counts 1, 2, 4 and 5 of the complaint.

The case was submitted to the jury on Count 3 of the plaintiff's last-amended complaint. Count 3 claimed damages for the breach of a joint contract between the defendants.

Plaintiff claims to have entered into a contract with defendants Totten and Mrs. Totten on August 22, 1957, which was subsequently allegedly assumed by defendants Mason and Air Engineers, Inc., a Corporation, with the original contractors Totten and Mrs. Totten.

On October 11, 1962, judgment was entered in favor of the defendant Mason, pursuant to the court's directions, and in favor of the plaintiff and against defendants Totten and Mrs. Totten and appellant, Air Engineers, Inc., pursuant to the jury verdict rendered against those defendants.

On November 10, 1962, Air Engineers filed a motion for a new trial. The motion was continued by the court but never ruled upon. Therefore, this appeal is from a judgment in favor of the plaintiff and against Air Engineers, Inc.

On this appeal, we are concerned only with Count 3 of plaintiff's last amended complaint.

Plaintiff did not appeal the judgment in favor of defendant Mason, nor did the defendants, Mr. and Mrs. Totten, appeal the judgments against them. Air Engineers, Inc., is the only appellant here, and, inasmuch as it offered no evidence, its chief concern is whether or not Count 3 as last amended states a cause of action against it. Appellant also questions the refusal of certain written charges for defendant.

Appellant urges on this appeal that the aforementioned judgment rendered by the trial court against it was erroneous and should be reversed on these basic grounds:

"(1) Count 3, on which judgment was rendered, is incapable of comprehension for a defense and appellant's demurrer thereto was erroneously overruled;

"(2) It was entitled to have granted it the requested general affirmative charge on the grounds of (a) plaintiff's failure of proof, (b) the fatal variance between plaintiff's pleadings and proof;

"(3) The prejudicial admission into evidence by the trial court of the depositions of two codefendants, who were both personally present in court, subject to being called as witnesses by plaintiff, as evidence against appellant over its objections."

We think that the evidence conclusively shows that Warren Reese entered into a contract with the Tottens, d/b/a Modern Electric Company, for the installation of certain specified air conditioning and heating equipment for his building at 132 South Perry Street, Montgomery. The contract price was $4,517.00, which amount Reese paid the Tottens, less $300.00.

We are also clear to the conclusion that the equipment later installed in the building was not at all satisfactory and did not meet the specifications called for by the contract between Reese and the Tottens. We are also clear to the conclusion that there is sufficient evidence to support the jury finding that Air Engineers, Inc., distributor of the General Electric Company for the State of Alabama, did assume, along with the Tottens, the obligations of the Tottens under the

contract between them and Reese (for reasons sufficient to Air Engineers) and did undertake to satisfy the requirements of the contract on several occasions, i. e., (1) placing a fan in the duct work, (2) reworking the plenum chambers, (3) enlarging and reinstalling the duct work, (4) providing, by construction, more space for the equipment, (5) and adding fans to the blowers. The evidence conclusively established that none of said undertakings proved to be sufficient to remedy the existing defective operative condition of the equipment and its installation. In short, Mr. Reese bargained for, paid for, and for almost two years forbore suit for an adequately air conditioned and heated office building which he has not yet received. From a jury verdict, in the amount of $5,000.00, against the three defendants, Air Engineers alone brings this appeal.

Assignment of error 1 asserts, in substance, that the trial court erred in not construing the complaint most strongly against the pleader when tested by the defendant's (appellant's) demurrer which contained 69 grounds.

■ Assignment of error 2 asserts, in substance, that the trial court erred in overruling defendant's demurrer to Count 3 of plaintiff's last-amended complaint. The appellant incorporates his argument for assignment 2 in his argument for assignment 1. Because of the similarity in the substance of these assignments, we shall treat them here together. For the sake of continuity, we shall first consider the several grounds of demurrer argued, considering as waived those grounds not argued, Hayes v. Bets, 227 Ala. 630, 151 So. 692(8), 95 A.L.R. 1484.

■ Grounds 10 and 52 take the point that Count 3 is too vague, indefinite and uncertain to apprize appellant of the claim against which it must defend, while grounds 1 and 65 charge that no cause of action is stated against defendant. All of these grounds are general and without merit. United Insurance Co. of America

v. Pounders, 279 Ala. 410, 186 So.2d 125(2), citing Bright v. Wynn, 210 Ala. 194, 97 So. 689(2); Section 236, Title 7, Code 1940; 16 Ala. Digest, Pleading, ☞201.

■ Ground 16 charges, in substance, that it affirmatively appears from Count 3 that plaintiff had no contract with all the defendants, hence, appellant argues that said count fails to state a cause of action against all the defendants. It is our understanding from a reading of Count 3 that said count does allege that plaintiff had a written contract with the Tottens individually, and d/b/a Modern Electric Company and subsequently sufficiently alleges, in the words of the count, that the appellant "did take over and assume jointly with the other defendants" in consideration of forbearance of suit on the contract. Although there is much to be desired in Count 3 in terms of good pleading, we believe that said count adequately alleges that appellant assumed the contract between the Tottens and Reese jointly with the Tottens and adequately informed the appellant of what it was called upon to defend against. Accordingly, we think that ground 16 was properly found to be without merit by the trial court.

Ground 67 of the demurrer asserts that it affirmatively appears that the defendant (appellant) had no contractual duty to supply plaintiff with air conditioning equipment referred to in his complaint.

■ We observe that the claim asserted against appellant is bottomed on its joint assumption of the contract plaintiff allegedly entered into with the Tottens, individually and doing business as Modern Electric Company. Having found Count 3 sufficient to withstand ground 16, supra, we feel that ground 67, essentially a rehash of ground 16, is also without merit.

Ground 61 reads: "For that it does not appear therefrom with sufficient certainty that there was any privity of contract as between the defendant, Air Engineers, Inc., and the plaintiff."

Appellant also asserts in ground 48 of the demurrer that the alleged agreement appears to be without consideration, and that in ground 43 no consideration moved from plaintiff to appellant.

We do not think there is any merit in grounds 61, 48 and 43; nor do we think there is any merit in grounds 34, 35 and 36, which also involve questions of consideration and forbearance. We also think there is no merit in ground 41 which reads as follows:

"The averments in said count that these defendants assumed and agreed to perform the said alleged contract attached to the complaint as Exhibit 'A', that these defendants assumed and agreed to perform said alleged contract is an unauthorized conclusion of the pleader, unsupported by the facts averred."

■ Count 3 of the complaint as amended describes the contract that the Tottens and the Modern Electric Company made with plaintiff pertaining to the installation of the cooling and heating equipment in plaintiff's building. Then follows the allegation that appellant, as distributor of said equipment for the State of Alabama did take over and assume jointly with the other defendants (referring to the Tottens and Modern Electric Company) the obligations of the Tottens in consideration of plaintiff's forbearance to sue under the contract.

We think the forbearance as a consideration for such joint assumption is sufficiently alleged to meet the demands pointed out by the grounds of the demurrer as aforementioned. Pollak v. Billing, 131 Ala. 519, 32 So. 639(6, 7); Moore v. First National Bank of Florence, 139 Ala. 595, 36 So. 777(11); Hartford Fire Insurance Co. v. Clark, 258 Ala. 141, 61 So.2d 19(2). There is no question in our minds that forbearance of the exact nature involved in this suit is sufficient consideration to support the contract allegedly assumed by appellant. We call attention to 17 C.J.S. Contracts § 104(1), which reads, in part, as follows:

"A sufficient consideration for a contract may consist of refraining from bringing a suit; the actual forbearance, or the promise to forbear, to prosecute a claim on which one has a right to sue is universally held to be a sufficient consideration. *It is not material that the party making the promise, in consideration of an agreement to forbear, should have a direct interest in the suit to be forborne, or be directly benefited by the delay.*" (Emphasis supplied.)

■ Grounds 27, 37 and 56 present appellant's contention that there is a misjoinder of causes of action in Count 3 in that some of the defendants are sued for a breach of one contract and the other defendants, including appellant, are sued on a subsequent and different agreement.

The complaint, Count 3, alleges that in consideration of the alleged forbearance the appellant would take over and assume jointly with the other defendants (Tottens) the obligations of the contract with the Tottens, individually, and doing business as Modern Electric Company. The engagement for the joint assumption was by contract of the parties based on sufficient consideration, namely, forbearance of suit on the contract with the Tottens. Since appellant assumed the contract jointly with the Tottens, although such assumption was after the original contract between the Tottens and Reese, we think the question of appellant's liability is properly the subject of litigation in one suit, as here, against the Tottens, Modern Electric Company, and appellant. There is no misjoinder of causes of action. ·

Appellant contends by ground 66 of demurrer that the alleged agreement was in violation of the Statute of Frauds.

■ The suit against appellant is based on a promise to assume jointly with

the Tottens the obligations of the Tottens under the contract. This promise is based on a new and valuable consideration, namely, forbearance of suit which is beneficial to appellant, and not within the Statute of Frauds. Mason v. Hall, 30 Ala. 599(1); Graves v. Shulman, Goetter & Weil, 59 Ala. 406(1); 10 Ala. Digest, Frauds, Statute of, ☞33(1). It is to be remembered that facts alleged in the complaint are admitted for the purpose of ruling on demurrer. Wagner v. Alabama Farm Bureau Federation, 225 Ala. 513, 143 So. 909(2). Hence, even when construed most strongly against the pleader, as urged by appellant, we find Count 3 of plaintiff's last amended complaint withstands the test by demurrer and is sufficient. Consequently, the grounds of demurrer here argued do not sustain assignments of error 1 and 2, and we find that the lower court did not err in overruling the demurrer.

Assignments of error 3 and 4 are predicated upon the court's refusal of appellant's written charge which instructed the jury not to return a verdict against appellant under Count 3 of the complaint. (This was the only count submitted to the jury.)

The only evidence that supports plaintiff's allegation that appellant took over and assumed jointly with the Tottens and Modern Electric Company the latter's contract for installation of the heating and cooling equipment and the obligations thereunder is the testimony of Warren S. Reese, Jr., as follows:

"Q. All right. The Air Engineers had Mr. Mason there as representative of Air Engineers, Inc., of Birmingham, Alabama, direct anybody as his agent or employee to do any work on this air conditioning unit?

"A. He hold me at the time that it was too tight duct work system, it had been installed improperly. * * * The duct work system was too tight and that that was what the trouble was, and that if I would waylay or delay any suit, or what not, they would correct it. The next day he wrote me back from Birmingham concerning that." The letter was introduced in evidence and reads as follows:

"AIR ENGINEERS
INCORPORATED
DISTRIBUTORS

"3625 First Avenue, South                    February 5, 1959
P. O. Box 3066

"Mr. Warren S. Reese, Jr.
Reese & Reese
Attorneys at Law
Maner Building
Montgomery, Alabama

"Dear Mr Reese:

"It was a pleasure meeting with you yesterday and I am sorry that you were not in your office when I called before leaving town.

"I believe that all people present yesterday agreed that your air conditioning problems were in the very tight duct work which is existing just at your units. I also believe that these problems could be alleviated if more room were available for the equipment and for the duct work leaving the equipment. With this in mind we would like to have you think over the possibility of providing additional space for the equipment and upon notification from you that you would be willing to provide additional space I will

be only to happy to return to Montgomery and discuss in detail exactly how we would plan to run our duct.

"Looking forward to your reply, I am

"Yours very truly,
AIR ENGINEERS, INC.

/s/ Louis G. Mason, Jr.
/t/ Louis G. Mason, Jr.

"LGM:jsh
cc: Mr. Walter Purcell
New Orleans, Louisiana

Modern Electric Co.
Montgomery, Ala."

---

It appears from the evidence that the request for forbearance of suit, made for the appellant by its authorized representative, Mr. Mason, was made on or about February 5, 1959. No suit was instituted until December 15, 1961. Thus, there was a lapse of nearly two years between the requested forbearance and the date suit was brought.

█ We do not think it was necessary for plaintiff, in response to appellant's request, to make a promise to forbear suit. Forbearance for a reasonable time in bringing suit is sufficient consideration to support the promise of appellant to make the necessary corrections in the equipment. Hartford Fire Insurance Co. v. Clark, supra (1). It appears that plaintiff did forbear bringing suit for a reasonable time. We, therefore, cannot agree with appellant's contention that "By no stretch of the imagination can the evidence [quoted above] be deemed sufficient to amount to a contract."

Appellant further contends that plaintiff has alleged a joint contract with several defendants, and the proof fell short as to Mason who was given the affirmative charge. Appellant also asserts that the evidence failed to support recovery against defendant Mason and appellant, therefore, was due to be exonerated by the court. Appellant cites Park v. Edge, 42 Ala. 631;

McKenzie v. Minge, 17 Ala.App. 269, 84 So. 475(2); Handley v. Shaffer, 177 Ala. 636, 59 So. 286(16). See also 13 Ala. Dig., Judgment, ⬦238.

We note that Count 3 of the complaint uses the conjunctive "and" and the disjunctive "or" in alleging that appellant "and/or" Louis G. Mason did take over and assume jointly with the other defendants the obligations of the contract and agreed to rectify the situation and perform the terms of the contract.

█ As we interpret their use, the effect of the words "and/or" was to allege that one or both parties, appellant and Mason, jointly and severally agreed to assume the contract. The cases cited by appellant deal with a positive and unequivocal allegation of joint defendants who entered into a contract, and not, as here, where the pleading, by the use of the words "and/or", alleges a joint and several contractual obligation. We do not think the pronouncements of this Court in the above-cited cases, to the effect that in an action on an oral contract against several defendants, the recovery must be against all or none, can properly be applied here where the contract as alleged is a joint and several obligation on the part of appellant and Mason. The complaint simply alleges that either one or both defendants, appellant and Mason, assumed the obliga-

**362**

tion of the Tottens jointly with the Tottens. This is a sufficient allegation of a joint and several obligation. See Title 7, Sec. 138, Code 1940; Burns v. Moore, 76 Ala. 339; Jackson v. Georgia Fire Insurance Co., 189 Ala. 495, 66 So. 588(1).

For the above reasons, we conclude there was no error on the part of the trial court in refusing appellant's request for the affirmative charge because we find no variance between the allegations of Count 3 and the proof as alleged in assignments 3 and 4.

▮ Assignment of error 5 asserts error on the part of the trial court in allowing plaintiff to introduce in evidence against appellant and over its objections, the deposition of co-defendant D. R. Totten.

The deposition of Mr. Totten was taken pursuant to Act No. 375, Acts of 1955, Vol. II, p. 901 et seq., now Sec. 474(1) through 474(18), Title 7, 1955 Cum. Pocket Part, Code 1940, which contains provisions of Sec. 474(4) (b), as follows:

"The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association, which is a party may be used by the adverse party *for any purpose.*" (Emphasis supplied.)

It is clear that Mr. Totten was a party to the suit at issue, thereby bringing him within the above-quoted statutory provision.

The complaint alleges that the appellant jointly with Mr. Totten assumed the contract with the plaintiff. Evidence that the contract was breached was admissible against Totten as well as appellant. All relevant and material evidence was admissible as to all facets of the contract as well as its breach. We think the phrase "for any purpose," appearing at the end of Sec. 474 (4) (b) means that the deposition of Mr. Totten could be used by the plaintiff against appellant because appellant had notice that the deposition would be

taken. The record shows that appellant's attorney was notified that the deposition of Mr. Totten was going to be taken, but that he elected not to be present. There was no error in admitting the deposition of Mr. Totten even though Mr. Totten was sitting in the courtroom at the time and was available as a witness.

▮ Assignment of error 6 asserts error on the part of the trial court for allowing plaintiff to introduce the deposition of co-defendant Mason into evidence against appellant over objection of appellant. Our statement with reference to assignment of error 5 has equal application here. We might go further and say that the evidence of plaintiff tends to establish that Mr. Mason was the managing agent of appellant corporation, as well as a party defendant. Mr. Mason's deposition was admissible against defendant (appellant) even though he also was present in the courtroom and available to plaintiff when the deposition was introduced. There is no merit in either assignment of error 5 or 6.

▮ Assignments of error 11 and 12 insist that the trial court erred in overruling appellant's objections to "The certified transcript" and in denying its motion to correct the transcript relating to an omission.

Ground 1 of the motion to complete the transcript refers to a failure of the transcript to indicate that in conjunction with their respective requests for the general affirmative charge, the defendants, through their attorneys, argued to the court that plaintiff failed to prove a joint contract with all the defendants as alleged, etc.

Ground 2 of the motion states that the transcript failed to indicate the argument of appellant's counsel with respect to the alleged contract.

As we understand these assignments, they refer to the omission from the transcript of argument of counsel with respect to the

affirmative charge, or to indicate that argument was made.

We call attention to Sec. 262, Title 13, Code 1940, wherein it appears that the court reporter, in reporting the case, is not required to include arguments of counsel. He, therefore, is not required to "indicate" in the transcript that such argument was made. There is no merit in either of these assignments.

For the foregoing reasons, we hold that the jury verdict and the judgment of the trial court against the appellant were correct and should not be disturbed. The case is due to be affirmed.

Affirmed.

SIMPSON, COLEMAN and KOHN, JJ., concur.

## ON REHEARING

LIVINGSTON, Chief Justice.

Application for rehearing overruled.

SIMPSON and COLEMAN, JJ., concur.

BLOODWORTH, J., concurs specially.

BLOODWORTH, Justice (concurring specially):

This application for rehearing was pending when I became a member of this court. In order to rule upon it, I have studied brief of appellant on application for rehearing and the original opinion. Although I concur in the result overruling the application for rehearing, I think the application merits further consideration in view of the several contentions insisted upon.

The complaint sued on contains the following allegations:

 "* * * the defendants, Air Engineers, Incorporated, *and/or* Louis G. Mason, Jr., individually * * * did

take over and assume jointly with the other defendant the obligations of this contract * * *." [Emphasis supplied.]

It seems to me we must consider the meaning of the words "and/or."

If the words are conjunctive, as appellant insists, the case must be reversed because it would then be a suit on a joint contract and failure to prove joint liability would create a fatal variance between pleading and proof. Cobb v. Keith, 110 Ala. 614, 18 So. 325; Central of Georgia Ry. Co. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350; Haines v. Cunha, 217 Ala. 73, 114 So. 679.

But, I conclude the words "and/or" are disjunctive though their use has been condemned as "slovenly pleading," "equivocal, uncertain, and indefinite" by other courts in Gurein v. State, 209 Ark. 1082, 193 S.W. 2d 997; Naidech v. Hempfling, 127 N.J.L. 430, 24 A.2d 524; Becker v. Burkes, 262 App.Div. 893, 28 N.Y.S.2d 850; Lee v. Douglas Gibbons & Co., 258 App.Div. 717, 14 N.Y.S.2d 938. Our Alabama Courts have stated their use to be "textually dangerous" in Pinkard v. Hastings, 41 Ala.App. 677, 149 So.2d 293, and "too indefinite and uncertain" in Moffitt v. Fitzpatrick, 270 Ala. 676, 121 So.2d 99, though their use in the latter case was held not demurrable.

The late Justice Foster, in Hays v. McCarty, 239 Ala. 400, 195 So. 241, found the meaning of these words to be in the disjunctive, that the words "and/or" mean either *and or or*. So, I conclude the allegation in this complaint alleges in the disjunctive. And, I find no fatal variance in failing to prove a joint contract, such as to require the affirmative charge for the appellant. I add, neither do I find the use of these words in this complaint to be subject to demurrer.

The other principal contention of appellant on application for rehearing is the use of defendant Totten's deposition against appellant when Totten was present in court. There is no error herein as I see it. In

Dunahoo v. Brooks, 272 Ala 87, 128 So.2d 485, this court held that Title 7, § 474(4)(b), Code of Alabama 1940, as amended, means that the deposition of a party may be used by the adverse party for any purpose. "No limitations whatsoever are placed upon the use. Accordingly the presence of the party in court does not affect the admissibility of that party's deposition." Although there was a sole defendant in that case, I see no valid distinction, *under the facts of this case,* where there are several defendants. Appellant against whom the deposition was offered had the oportunity to be present thereat, to call the deponent as his witness at trial, or to request the court to call him as the court's witness. See Kissic v. State, 266 Ala. 71, 94 So.2d 202, 67 A.L.R.2d 530.