George Wilson, former employee of Vulcan Rivet and Bolt Corporation (Vulcan), filed this suit against Vulcan and its former corporate president, claiming breach of an oral contract for life employment and tortious misrepresentation.
According to Wilson, in 1967 his union representative told him that Herbert E. Smith, Jr., at that time president of Vulcan, told the union representative that Wilson had life employment with Vulcan if he wanted it. It is undisputed that Smith never spoke directly with Wilson about this statement. Wilson learned about the alleged conversation only through his union representative.
Wilson worked continuously for Vulcan until July 30, 1980, when he was laid off. He has not worked for Vulcan since that date. He claims that Vulcan and Smith breached the employment contract by laying him off. Alternatively, Wilson claims *Page 66 
that they misrepresented to him that he had a contract for life employment, and that he relied on this representation to his detriment and gave up his union benefits.
The trial court directed a verdict for Vulcan and Smith on both counts at the close of the plaintiff's case. Wilson appeals from the judgment entered upon the directed verdict. We affirm.
There was absolutely no evidence of any promise or offer of life employment. Wilson's own testimony is that he never spoke to Smith or anyone else in Vulcan's management with authority to make this type of extraordinary contract. In fact, the only testimony about an offer is Wilson's testimony that his union representative told him that Smith had said Wilson had a job with Vulcan for the rest of his life. This statement is hearsay. Wilson is offering it to prove that Smith, on behalf of Vulcan, offered him life employment. Testimony from the union representative would be admissible to prove that Smith made an offer. 6 J. Wigmore, Evidence in Trials at Common Law § 1770 (Chadbourn rev. 1976). However, only Wilson testified about an alleged offer, and all that his testimony proves is that the union representative, not Smith, made a statement. The union representative is admittedly not an agent of Vulcan or its officers, and any representations by him about life employment are not binding upon the company or Smith.
Wilson also failed to prove consideration for the alleged promise. In National Union Life Ins. Co. v. Ingram, 275 Ala. 310,314, 154 So.2d 666, 669 (1963), we held that life employment contracts must be supported by "consideration of substantial value, independent of any service to be performed." The consideration must be for "other than the service to be rendered for which he is to receive compensation." AlabamaMills, Inc. v. Smith, 237 Ala. 296, 299, 186 So. 699, 702
(1939).
Wilson had suffered a severe injury to his hand while in the course of his employment at Vulcan in 1964. He filed a claim for workmen's compensation and received a "small amount of compensation." Wilson claims that he had intended to make a claim against Vulcan for further damages resulting from this injury. Instead, he claims to have released the claim in exchange for the promise of life employment.
We have recognized that release of a claim against one's employer may be sufficient consideration to support a contract for "steady and permanent" employment with the employer.Alabama Mills, Inc. v. Smith, 237 Ala. at 299, 186 So. at 702. See, also, Air Engineers, Inc. v. Reese, 283 Ala. 355,217 So.2d 66 (1968).
In the case at bar, it is not clear that any claim was released. Wilson concedes that he had received some compensation benefits for this injury. There is no evidence indicating that he was entitled to more than he got, or that he had a good faith belief that he was entitled to more, regardless of the validity of the claim. Hartford Fire Ins. Co.v. Clark, 258 Ala. 141, 61 So.2d 19 (1952).
This Court has said that a promise to forbear from suit is adequate consideration to support a life employment contract only if it is given at the request of the employer. AirEngineers, Inc. v. Reese, 283 Ala. at 361, 217 So.2d at 72;Hartford Fire Ins. Co. v. Clark, 258 Ala. at 149,61 So.2d at 24. There is no evidence that Smith or anyone else at Vulcan requested Wilson to release his claim in exchange for a contract of life employment. The evidence does not support Wilson's contention that his forbearance from suit was given as consideration for a promise of lifetime employment with Vulcan.
Wilson claims that he gave additional consideration in 1969, when he accepted a management position and gave up his "union representation, collective bargaining, salary negotiability, grievance procedure, and legal protection from the judiciary." He claims Vulcan knew that he gave up his labor status and union benefits and accepted a new position in exchange for the promise of life employment. Scott v. Lane, 409 So.2d 791 (Ala. 1982). Again, there is no evidence that Smith or anyone else at *Page 67 
Vulcan promised Wilson a job for the rest of his life in exchange for giving up his union benefits.
Wilson has failed to prove the elements of an oral contract for life employment. In the absence of proof of a promise or agreement, and consideration, it was proper to direct a verdict in favor of Smith and Vulcan on the count alleging breach of contract. A contract for employment which is indefinite and does not specify duration, is construed to be terminable at will. Bierley v. American Cast Iron Pipe Co., 374 So.2d 1341
(Ala. 1979). A simple contract for employment is undoubtedly all that existed here, and Vulcan did not breach that contract when it laid off Wilson.
In the absence of proof of a statement or representation by his employer, we must hold that Wilson also failed to prove a prima facie case for fraud and tortious misrepresentation. The trial court properly granted the employer's and Smith's motions for directed verdict on this count. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.