208 N.J. Super. 69 (1986)
504 A.2d 1215
UNITED ORIENT BANK, A NEW YORK BANKING CORPORATION, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
EDWARD T.F. LEE AND BETTY C. LEE, HIS WIFE, AND SPENCER SAVINGS AND LOAN ASSOCIATION, A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1986.
Decided February 13, 1986.
*70 Before Judges DREIER, BILDER and GRUCCIO.
Joseph R. Santoli argued the cause for appellants Edward T.F. Lee and Betty C. Lee (Ferro & Ferro, attorneys; Joseph R. Santoli, on the brief; Nancy C. Ferro, on supplemental brief).
Betsy Rosenbloom argued the cause for respondent United Orient Bank (Fox & Fox, attorneys; Betsy Rosenbloom, of counsel and on the brief).
Carl M. Hecht argued the cause for respondent Spencer Savings & Loan Association (Harold P. Cook, III, attorney; Carl M. Hecht, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
*71 Defendants Lee, mortgagors, and defendant Spencer Savings & Loan Association, a successor mortgagee, appeal by leave granted from the denial of their motion for summary judgment in this foreclosure action. Their motion had demanded dismissal of the action and the cancellation of record of the Lees' mortgage in favor of plaintiff, United Orient Bank, based upon the Lees' payment in full of the balance due. The payment had been made by the Lees' attorneys when the Lees refinanced the mortgage loan through Spencer Savings & Loan Association. The attorneys forwarded payment by their trustee check in the amount of $74,286.55 which bore the notation, "Lee refinance mtge payoff 636 Kenwood Rd., Ridgewood, N.J." It was accompanied by the attorneys' letter of May 31, 1984 stating that the check represented "payment in full for your mortgage/loan as above. Interest has been added through June 4, 1984." The letter also requested return of the mortgage endorsed for cancellation. Prior to mailing their check, the attorneys had requested a pay-off figure from United Orient Bank and, from the exchange of correspondence, it cannot reasonably be argued that the bank was unaware that this was a refinancing of the mortgage loan through another bank.
At the time of this refinancing Edward T.F. Lee, one of the defendants, was otherwise indebted to United Orient Bank by virtue of his guarantee of the obligations of Kam Kuo Seafood Corp. under the terms of two separate but identical forms he had signed entitled "United Orient Bank Commercial Loan Guaranty." Presuming to act by reason of Lee's status as guarantor, the bank applied the proceeds of the attorneys' check to the guaranty of the corporate obligation, leaving the mortgage indebtedness unpaid. When no further payments were made on this indebtedness, the bank declared a default, accelerated the balance and instituted the foreclosure proceedings. The Lees and Spencer Savings & Loan Association moved for summary judgment, but this motion was denied. *72 Their leave to appeal was granted by us and we have accelerated the processing of the appeal so that the parties' respective interests can be defined with a minimum of delay.
We determine that summary judgment was improperly denied defendants for three independent and compelling reasons, none of which was advanced before the trial judge. First, there is no question that where a debtor owes multiple obligations to a creditor, the debtor has the right to designate to which debt a payment should be applied. Restatement, Contracts 2d, § 258 (1979), comment a, reiterates:
The obligor can effectively direct that a performance be applied to a duty that is not matured, to one that is unsecured, and even to one that is unenforceable on grounds of public policy.
The creditor must make proper application of the proceeds in accordance with that direction.
Borough of Totowa v. American Sur. Co. of N.Y., 39 N.J. 332, 338 (1963); Naidech v. Hempfling, 127 N.J.L. 430, 432 (Sup.Ct. 1941).[1] Plaintiff acknowledges this rule of law but contends that the guaranty agreement authorized it to make its own election. The guarantee agreement, consisting of four pages of small print provides, inter alia, in its second paragraph (upon which plaintiff relies):
Guarantor does hereby give to United Orient a continuing lien upon and a security interest in ... any and all moneys ... of Guarantor and the proceeds *73 thereof, now or hereafter actually or constructively held or received by ... United Orient ... from or for Guarantor, ... coming into the possession of United Orient in any way.... United Orient is also given a continuing lien and/or right of setoff ... upon any and all deposits ... and credits of Guarantor with, and any and all claims of Guarantor against United Orient at any time existing and United Orient is hereby authorized at any time or times, without prior notice to apply such deposits or credits, or any part thereof, to such Liabilities . ..
We do not read the language giving the bank a right of setoff against any deposit or credit of Mr. Lee as a waiver of Mr. and Mrs. Lee's joint common-law right to direct the application of a payment to a specific debt. The general rule, therefore, should have been applied.
The check, as confirmed by the covering letter, indicated that the funds were transmitted to plaintiff for the purpose of satisfying the mortgage debt and cancelling the outstanding mortgage. The second basis for overturning the denial of summary judgment is that having accepted the check which was subject to these limitations, plaintiff had an independent duty to carry out these instructions. There is no claim in this action that plaintiff was not fully aware of both the legend on the check and the directions in the transmittal letter.[2] If plaintiff for any reason felt it could not comply with these directions, the check should have been returned to the attorneys. No funds or credits came into plaintiff's hands until the check was endorsed and deposited by the bank. Such action constituted acceptance of these terms, and plaintiff thereafter had no right to act in derogation of defendants' directions. Cf. Loizeaux Bldrs. Supply Co. v. Donald B. Ludwig Co., 144 N.J. Super. 556, 564 (Law Div. 1976) and the cases there cited.
The bank also knew that the mortgage obligation was a joint and several obligation of Mr. and Mrs. Lee and that it was *74 secured by a mortgage on their home. Mrs. Lee was not a guarantor of the corporate obligation and the new mortgage in favor of Spencer Savings & Loan Association further encumbered her interest in the real estate. The funds forwarded to the bank were not the property of Mr. Lee alone and the bank knew or should have known that its appropriation of these funds would have disastrous consequences upon Mrs. Lee, a third party who had no relation to the guaranty agreement. Such application would fail to comport with the implied covenant of good faith and fair dealing implicit in every commercial agreement. See Onderdonk v. Presbyterian Homes of New Jersey, 85 N.J. 171, 182 (1981).
The third independent and most compelling reason to have granted defendants' motion involves an analysis of the refinancing transaction. When Spencer Savings & Loan Association advanced the mortgage proceeds to the Lees' attorney, such disbursement was upon the implicit direction that the funds be held in trust by the attorneys and disbursed solely to satisfy prior liens on the premises. Thus the funds transmitted by the attorneys to United Orient Bank, although for the benefit of the Lees insofar as their indebtedness to the bank would be satisfied, were in fact not the funds of the Lees at all, but rather the funds of Spencer Saving & Loan Association disbursed by the Lees' attorneys as the bank's agents. As such, these funds could not be considered subject to the offset rights of the bank specified in the guarantee agreement. This would have been so even if Mr. Lee alone had been the mortgagor and no rights of his wife had been implicated. A contrary rule would create havoc in the real estate market. If the original mortgagee could accept the tendered payoff and then refuse to deliver the mortgage endorsed for cancellation, no title closing of encumbered property could take place until such delivery had been made. Otherwise there would always be the risk that any outstanding mortgage could in effect, be held for ransom and not released until all unsecured indebtedness owed by any mortgagor was paid. Such a forced cross-collateralization *75 should not and cannot be tolerated by the business community.
We hold, therefore, that United Orient Bank was obliged upon receipt of the refinancing proceeds to have satisfied the mortgage indebtedness. There is no doubt that the Lees had a statutory right to prepay their mortgage without penalty. N.J.S.A. 46:10B-2.
Defendants had asserted a counterclaim for compensatory and punitive damages as well as counsel fees. We have not on this interlocutory appeal considered these issues since they are not before us. After remand and entry of summary judgment in favor of defendants and a cancellation of plaintiffs' mortgage, the trial judge may consider the issues raised by the counterclaims. See N.J.S.A. 46:18-11.2 et seq., and see Dorofee v. Pennsauken Tp. Planning Board, 187 N.J. Super. 141, 144-45 (App.Div. 1982), cited with approval in State Dept. of Environmental Protection v. Ventron Corp., 94 N.J. 473, 504-05 (1983).
This matter is remanded to the Chancery Division to enter summary judgment in favor of defendants, to direct the cancellation of the subject mortgage and for such further proceedings as may be appropriate.
NOTES
[1] The general rule that an obligor can designate application of his payments to an obligee is also expressed in 6 Williston, Contracts (3 ed. Jaeger 1957) §§ 1795-1799. An exception arises where there is a preexisting agreement with the obligee or a third party directing the application. See Restatement, Contracts, § 387 (1932); T.D. 13 Restatement, Contracts 2d, § 280B (1978); and Restatement, Contracts 2d, § 258 (1979) comment a. Another rule of preference protects the obligor when he owes both unmatured and matured debts. In that instance, unless the obligor directs otherwise, payment will be applied to the matured debt. F.H. McGraw & Co. v. Milcor Steel Co., 149 F.2d 301, 306 (2d Cir.), cert. den. 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 452 (1945); First National Bank v. U.S., 591 F.2d 1143 (5th Cir.1979). Where, however, the obligor has made no direction, the creditor may with certain exceptions apply the payment as he wishes. See Restatement, Contracts 2d, § 259 (1979).
[2] Even if there had been no legend or cover letter, the same result would be implied by the amount of the payment. See Restatement, Contracts 2d, § 258 (1979), comment b, illustration 6 stating that where a debtor owes two debts of different amounts, in the absence of a contrary indication, the coincidence of the amount of payment and the amount due on one debt manifests the debtor's intention to pay that debt.